the plaintiff, and that he purchased the same from John W. Rasch, the assignee, under a general assignment of Nettie N. Gerlach, who was the owner thereof, together with all her right and title and interest therein, and also purchased any claim or demands she had in regard thereto." When he so made the purchase, and during the period the said Gerlach was owner, and what her claims were, do not appear. The complaint is very imperfectly drawn. The rule, however, is that the pleading must be liberally construed (Code, § 519); and a cause of action will be deemed to be stated in a complaint whenever sufficient facts to sustain an action can be fairly gathered from all the averments, although the statement of them may be argumentative and the pleading deficient in technical language. Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. In the case of Marie v. Garrison, 83 N. Y. 14–23, the court of last resort used the following language, viz.:

"A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegations therein, by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred."

Applying this doctrine to the case at bar, I incline to the opinion that, defective as the complaint is, still there is sufficient to warrant the overruling of the demurrer. The defendants may serve an answer within 20 days, on payment of costs.

Demurrer overruled.

---

ROLLINS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. CONFLICTING EVIDENCE—DISMISSAL—DIRECTION OF VERDICT.
      Where testimony conflicts as to a material issue, there is no error in refusing to dismiss the complaint or direct a verdict for defendant.
2. APPEAL—CONFLICTING EVIDENCE—QUESTION FOR JURY.
      In cases of conflicting evidence, the finding of the jury will not be disturbed.

Appeal from trial term, Kings county.

Action by Eleanor Rollins against the Brooklyn Heights Railroad Company. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.
Charles J. Patterson, for respondent.

GOODRICH, P. J. The plaintiff below, while boarding a moving open car of the defendant on Hamilton avenue, Brooklyn, had mounted the running board, having his right hand on one of the stanchions and one or both feet on the car, when he fell off, or was

thrown off, receiving injuries for which he recovered a verdict, and from the judgment entered thereon, and an order denying its motion for a new trial, the defendant appeals. The main contention of the defendant is that the verdict was against the overwhelming weight of evidence, and that the accident resulted from the negligence of the plaintiff in attempting to board a rapidly moving car. The plaintiff died after the trial, and the action has been continued by his widow, who was appointed administratrix. She contends that the car had slowed down in response to a signal from the deceased, and that after he had mounted the running board with both feet the car was suddenly started; the result being that he was thrown off the car and injured. Upon this issue there was much conflict of testimony. For this reason it would have been error for the court to have granted the defendant's motion, either to dismiss the complaint or to direct a verdict for the defendant. It does not follow, however, that the verdict is not subject to review and reversal where the testimony of the defeated party is so excessively preponderating that the court must say that the verdict was the result of passion, prejudice, or mistake. This rule is so fully established as to require no citation of authority. But, after a careful analysis of the testimony, we do not arrive at any such conclusion. It is true that the defendant's eyewitnesses of the accident were more numerous than those of the plaintiff, but some of them were more or less inaccurate, and some, to a certain extent, were interested in the result of the controversy. The present rule and policy of the law, in cases of conflicting evidence, is to allow all testimony to go to, and be weighed by, the jury, as the court of appeals said in Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672, approving the former decision in People v. Chapleau, 121 N. Y. 266, 24 N. E. 469. If the jury gave preponderant weight to the evidence of the plaintiff's witnesses, the verdict was just, and we cannot see anything in the record to create an impression that the verdict evinces the presence of passion, prejudice, or mistake. It follows that the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.